OVERHEAD DOOR COMPANY OF RENO, INC., a Nevada Corporation, Appellant, v. OVERHEAD DOOR COR-PORATION, an Indiana Corporation, Respondent.

No. 16230

March 31, 1987                                            734 P.2d 1233

*Paul A. Richards,* Reno, for Appellant.

*Beasley, Hamilton and Holden,* Reno, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from a judgment of the district court awarding damages to respondent, granting a permanent injunction against appellant and denying appellant's counterclaim. In 1963, appellant Overhead Door Company of Reno, Inc., signed a Distributor's Agreement with Overhead Door Company of Oregon, respondent's predecessor in interest. The Distributor's Agreement was a standard form contract supplied by the national organization. Appellant was the local distributor for respondent from 1963 to 1979. In 1979, respondent informed appellant that it wished to terminate the distributorship agreement. Pursuant to the distributorship agreement, respondent insisted that appellant return all trademark and identifying materials, price lists, signs, and technical data. Respondent further demanded that appellant discontinue the use of any trade name containing the word "Overhead" and that appellant discontinue the use of its telephone number in connection with the trade name "Overhead Door Company." Although appellant was thus left with an inventory of approximately $30,000 worth of doors and parts which it allegedly could not market, respondent refused to repurchase appellant's inventory.

When appellant failed to return the trademark and identifying materials, signs and technical data, and continued to use its previous telephone number and the word "Overhead" as part of its name, respondent filed a complaint in the district court. In addition to damages, respondent requested that appellant be enjoined from using the trade name "Overhead" and the telephone number in question, and that appellant be required to return all signs, technical data and trademark materials. Appellant filed a counterclaim seeking reimbursement for the unsold inventory and other business losses, plus punitive damages.

The district court permanently enjoined appellant from using the name "Overhead Door" or "Overhead" in its business, from using its former telephone number in connection with any use of the name "Overhead Door" or "Overhead," and from using any of respondent's signs, literature, logos, or other trademark materials for advertising purposes. The court awarded damages in respondent's favor. Finally, the court determined that appellant was not entitled to relief on the counterclaim.

Appellant contends that the district court erred by issuing the permanent injunction without first requiring respondent to repurchase the inventory which appellant possessed on the date of the termination of the Distributor's Agreement. We agree. In seeking equity, a party is required to do equity.

> [A]ny person asking the aid of equity . . . will be compelled to accord, to the other party all equitable rights to which the other is entitled in respect to the subject matter. Relief inconsistent with the equities of the adverse party will be denied, and where the granting of the relief raises equitable rights in favor of defendant, the according of such rights will be imposed as a condition of granting the relief.

Jones v. McGonigle, 37 S.W.2d 892, 895 (Mo. 1931). In the present case, it would be inequitable to grant respondent the injunctive relief it sought, i.e., requiring appellant to discontinue the use of any of respondent's identifying materials, name, and telephone number, while at the same time leaving appellant with some $30,000 worth of Overhead doors and Overhead door parts.

Moreover, although pursuant to standard provision 17(e) of the Distributor's Agreement respondent had the option to repurchase all, part, or none of the distributor's inventory, any exercise of the repurchase option was restricted by its obligation of good faith. *See* W.L. May Co., Inc. v. Philco-Ford Corporation, 543 P.2d 283 (Or. 1975). We have previously stated that:

> [A]n implied covenant of good faith and fair dealing has . . . been implied in contractual relations which involve a special element of reliance such as that found in partnership, insurance and franchise agreements.

Aluevich v. Harrah's, 99 Nev. 215, 217, 660 P.2d 986, 987 (1983), *cert. denied,* 465 U.S. 1006 (1984). "[A]n implied covenant of good faith forbids arbitrary action by one party that disadvantages the other." Resource Management Co. v. Weston Ranch, 706 P.2d 1028, 1037 (Utah 1985). *See also* Kendall v. Ernest Pestana, Inc., 709 P.2d 837 (Cal. 1985). We have determined, under the circumstances of the present case, that respondent's conduct in terminating the distributorship agreement, coupled with respondent's refusal to repurchase any of appellant's unsold inventory, constituted a breach of the obligation of good faith and fair dealing.

Accordingly, we conclude that the district court should have ordered respondent to repurchase the inventory which appellant possessed on the date of the termination of the Distributor's Agreement. We remand this matter to the district court for further proceedings consistent with this opinion. The judgment of the district court is affirmed in all other respects.[1]

---

[1]In light of this disposition, we deny respondent's request for sanctions pursuant to NRAP 38.